IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MIDWAY GAMES, INC. *et al.*,<br><br>Debtors | Chapter 11<br><br>Case No. 09-10465 (KG)<br><br>(Jointly Administered) |
| BUCHWALD CAPITAL ADVISORS LLC, AS LIQUIDATING TRUSTEE FOR THE LIQUIDATING TRUST OF MIDWAY GAMES, INC., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>ACCURATE SECURITY PROS, INC., AMERICAN CENTURY INVESTMENTS, ANEMONE ENTERPRISES, INC., AQUENT, BOWNE OF CHICAGO, INC., BUSINESS WIRE, INC., CAPTARE CONSULTING, LLC, COFFEE UNLIMITED, DELL FINANCIAL SERVICES, LLC, EPIC GAMES, INC., FARSIGHT TECHNOLOGIES, INC., FEDEX CORPORATION, GMI BUILDING SERVICES, INC., GROUND ZERO PRODUCTIONS INC., HIJINX STUDIOS, LLC, INTERNAP NETWORK SERVICES, KATTEN MUCHIN ROSENMAN LLP, LEXISNEXIS, A DIVISION OF REED ELSEVIER, ONE PR STUDIO, LLC, PETER MELMAN, PREMIERE GLOBAL SRVICES, PRICEWATERHOUSECOOPERS LLP, RELQ SOFTWARE INC., RON'S TEMPORARY HELP SERVICES, INC., SAN DIEGO GAS & ELECTRIC COMPANY, SAS ROI RETAIL MERCHANDISING, SBC GLOBAL SERVICES, INC., SIDLEY AUSTIN LLP, TECHNICOLOR CREATIVE SERVICES, TNA ENTERTAINMENT, LLC, YAN YAO, ZOCALO GROUP, ACCESS ONE, INC., AUTODESK CANADA CO., DAVIDSON & SCHILLER, LLC, and CDW DIRECT, LLC,<br><br>Defendants. | Adv. Pro. Nos. 10-52661, 10-52712, 10-52710, 10-52709, 10-52685, 10-52706, 10-52680, 10-52682, 10-52749, 10-52692, 10-52697, 10-52700, 10-52713, 10-52705, 10-52715, 10-52716, 10-52717, 10-52718, 10-52719, 10-52725, 10-52720, 10-52721, 10-52722, 10-52723, 10-52737, 10-52724, 10-52727, 10-52726, 10-52729, 10-52731, 10-52734, 10-52735, 10-52996, 10-52997, 10-52999, 10-52998 |

## **SCHEDULING ORDER**

*with revisions by the Judge*

To promote the efficient and expeditious disposition of the above-captioned adversary proceedings, the following schedule shall apply to each:

**IT IS HEREBY ORDERED** that:

1. Any agreement to extend beyond October 29, 2010, the deadline for any defendant to answer or otherwise file a responsive pleading to a complaint, is not effective unless approved by Order of the Court.

2. The discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026, has been waived by the parties in light of the pre-trial conference in the above-captioned adversary proceedings having taken place on October 13, 2010, and upon the Court ordering the herein schedule governing discovery in these adversary proceedings.

3. The parties shall provide their initial disclosures under Fed. R. Civ. P. 26(a)(1) by ~~no later than~~ the later of October 29, 2010, or 30 days after the filing of an answer. ~~to~~

4. All fact discovery shall ~~be~~ initiated so as to be completed by no later than February 26, 2011.

5. The parties shall provide expert reports for an issue on which they bear the burden of proof, not including any report by Plaintiff on insolvency of the Debtors, by no later than March 15, 2011. If any defendant intends to provide expert testimony regarding the insolvency of the Debtors, any such expert report must be provided by no later than March 15, 2011. Any expert report by Plaintiff on the insolvency of the Debtors, as well as any Parties' expert report intended to rebut any other expert report, shall be provided by April 5, 2011. Defendants shall provide any expert report intended to rebut any report on insolvency by the Plaintiff by April 15, 2011. All reports shall provide information

2

required by Fed. R. Civ. P. 26(a)(2)(B). All expert discovery shall be completed and discovery shall close, by April 25, 2011.

6. Pursuant to the General Order Regarding Procedures in Adversary Proceedings entered by the Honorable Mary F. Walrath on April 7, 2004, by no later than February 28, 2011, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

7. Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

8. All dispositive motions shall be filed and served by May 9, 2011, and any such motions filed shall be subject to Del. Bankr. L. R. 7007.

9. The parties shall comply with the General Order Governing Pre-Trial Procedures in Adversary Proceedings Set for Trial Before Judge Kevin Gross. The parties shall file, no later than (2) business days prior to the earlier of the date set for (i) pre-trial conference (if one is scheduled) or (ii) trial, their Final Pretrial Order approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Gross' chambers.

10. The Order Assigning the Adversary Proceeding to Mediation shall set the adversary proceedings for trial ninety (90) days after the entry of the Order, or as soon thereafter as the Court's calendar permits. The Court, may in its discretion, schedule a pre-trial conference in lieu of or in addition to the trials.

11. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiff shall file a status report forty-five (45) days after the date of this scheduling order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

12. Deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion for good cause shown.

13. The Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after its entry on the Court's docket.

Dated: October 13, 2010
Wilmington, DE

Honorable Kevin Gross
United States Bankruptcy Judge